UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO C. TOWNSEND,

    Plaintiff,                                                 Civil Action No. 2:08-10977

v.                                                       HONORABLE DENISE PAGE HOOD

GEOFFREY L. NEITHERCUT, et. al.,

    Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

The Court has before it Plaintiff Lorenzo C. Townsend's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is a state prisoner currently confined at the Lakeland Correctional Facility in Coldwater, Michigan. Having reviewed Plaintiff's complaint, the Court dismisses it without prejudice.

### II. STANDARD OF REVIEW

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Absent either element, a section 1983 claim will not lie. *Hakken v. Washtenaw County*, 901 F. Supp. 1245, 1249 (E.D. Mich. 1995). A *pro se* civil rights complaint is to be construed liberally. *Middleton v. McGinnis,* 860 F. Supp. 391, 392 (E.D. Mich. 1994). Pursuant to 28 U.S.C. 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious,

1

that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

**III. FACTS**

Plaintiff alleges that he commenced a civil action in the Genesee County Circuit Court pursuant to the Freedom of Information Act (FOIA) to compel disclosure of public records in regards to any legal mail that may have been sent to him by his former attorney Francis A. Kromerik. Plaintiff claims that the defendant Geoffrey L. Neithercut, the Genesee County Circuit Court judge presiding over his case, wrongly denied his motion to compel discovery on July 23, 2007.

Plaintiff attempted to appeal this decision to the Michigan Court of Appeals. Petitioner claims that his appeal was initially dismissed because it was defective for failing to include a filing fee or alternatively filing a motion to waive fees. Plaintiff subsequently filed a motion for waiver of fees, along with his prisoner account statement. Petitioner claims that defendant William C. Whitbeck, the Chief Judge of the Michigan Court of Appeals, denied Plaintiff's motion for waiver of fees, because M.C.L.A. 600.2963 mandates that a prisoner pursuing a civil action in the Michigan courts is liable for paying the filing fees.

Plaintiff attempted to file an application for leave to appeal to the Michigan Supreme Court, which was denied. Plaintiff filed a motion for reconsideration, which was denied by defendant Clifford W. Taylor, the Chief Justice of the Michigan Supreme Court. Plaintiff claims that the Michigan Supreme Court also wrongly denied his motion to waive the filing fee in his case.

Plaintiff claims that he subsequently moved for Judge Neithercut to disqualify himself from plaintiff's still pending civil action in the Genesee County Circuit Court. On November 6, 2007, Judge Neithercut denied Plaintiff's request to disqualify himself from the case. Judge Neithercut further informed Plaintiff that his trial date was moved up to November 20, 2007.

Plaintiff claims that he subsequently forwarded a copy of the motion for disqualification to defendant Archie L. Hayman, the Chief Judge of the Genesee County Circuit Court, but he did not hear back from Chief Judge Hayman.

Plaintiff claims that after being informed that the trial date had been moved up to November 20, 2007, defendant Judge Neithercut nonetheless proceed to conduct a hearing on plaintiff's case on November 27, 2007, without Plaintiff being brought to court. Judge Neithercut granted Francis Kromarik's request to dismiss Plaintiff's action. Plaintiff contends that Judge Neithercut's action amounted to a fraud upon the court.

Plaintiff contends that on December 21, 2007, Judge Neithercut sent him an opinion and order setting aside the dismissal. In his order, Judge Neithercut stated that he was unaware that a week prior to trial, plaintiff had sent a motion for a writ of habeas corpus to Judge Hayman, essentially asking that he be brought back to Genesee County for his civil action.

Plaintiff claims that the defendants' actions have denied him access to the courts. Plaintiff seeks an evidentiary hearing in this Court as to why the Michigan appellate courts denied him the right to file an appeal without having to pay a filing fee. Plaintiff is further asking this court to intervene in the pending civil action before Judge Neithercut, because of "his callous nature and discriminating ways." Plaintiff also asks this Court to halt the scheduled non-jury trial in this matter, in light of the fact that plaintiff claims that he requested a jury trial in his

3

civil action.

## IV. ANALYSIS

Plaintiff's claims are subject to dismissal for several reasons.

First, any of plaintiff's claims regarding decisions already made by the Michigan courts are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine originated in two Supreme Court cases, *Rooker Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and holds that lower federal courts do not have jurisdiction to review challenges to state court decisions and such reviews may only be had in the United States Supreme Court pursuant to 28 U.S.C. § 1257. *Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002). The U.S. Supreme Court recently reaffirmed the doctrine, holding that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corporation v. Saudi Basic Indus. Corp*. 544 U.S. 280, 283-84 (2005).

Two categories of claims are barred by *Rooker-Feldman*: those claims which allege some injury arising directly from the state court's judgments, and those which allege an injury predating the state-court's judgments but which are still "inextricably intertwined" with state-court judgments. *See Hutcherson v. Lauderdale County*, 326 F.3d 747, 755-56 (6th Cir. 2003). Under the *Rooker-Feldman* doctrine, inferior federal courts basically lack authority to perform appellate review of state court decisions. *See, e.g., Hart Comerica Bank*, 957 F.Supp. 958, 968-70 (E.D.Mich.1997).

Petitioner's claim involving Judge Neithercut's alleged refusal to compel discovery is

non-cognizable before this Court. Under the *Rooker-Feldman* doctrine, inferior federal courts are without subject matter jurisdiction to enjoin the enforcement of state court discovery orders that have become final if the federal plaintiff was legally entitled to challenge the discovery order through the state appellate channels to the Supreme Court of the United States. *See Union Planters Bank Nat. Ass'n v. Salih,* 369 F. 3d 457, 463 (5th Cir. 2004).

Likewise, Plaintiff's claim that the Michigan courts violated plaintiff's federal constitutional right of access to the courts by refusing to waive his appellate court filing fees pursuant to § 600.2963 because of his alleged indigency falls within the purview of the *Rooker-Feldman* doctrine, and thus this Court lacks subject matter jurisdiction over the claim. *See Howard v. Whitbeck,* 382 F. 3d 633, 640-41 (6th Cir. 2004). The complained-of injuries arose directly from state court decisions and any determination of the as-applied constitutionality of § 600.2963 would require this Court to sit in appellate review of the state courts, something that is precluded by *Rooker-Feldman. Id.* [1]

The Court will also abstain from enjoining plaintiff's pending state court action. In *Younger v. Harris,* 401 U.S. 37, 45 (1971), the United States Supreme Court held that federal courts should not enjoin pending state criminal proceedings except in a "very unusual circumstance" where an injunction is necessary to prevent "both great and immediate" irreparable injury. The holding in *Younger* was based on principles of equity and upon the

---

[1] Plaintiff further claims that Judge Neithercut erred in dismissing his civil action. This portion of plaintiff's complaint would appear to be moot, in light of the fact that Judge Neithercut has apparently set aside the order of dismissal. In any event, a litigant's § 1983 action which alleges that a state judge violated his or her constitutional rights by dismissing their case is essentially an appeal of state court judgment, and the *Rooker-Feldman* doctrine precludes federal district court from exercising jurisdiction over the matter. *See Hall v. Caudill*, 24 Fed.Appx. 462, 463-64 (6th Cir. 2001).

"more vital consideration" of the principles of comity and federalism. *Id.* 401 U.S. at 44.

Although the *Younger* doctrine was first articulated with reference to state criminal proceedings, it is also fully applicable to civil proceedings in which "important state interests" are involved. *Moore v. Sims,* 442 U.S. 415, 423 (1979). Whether a state court proceeding is labeled civil, quasi-criminal, or criminal in nature, the "salient fact" relative to whether a federal court should abstain from interfering with a state judicial proceeding is whether federal court interference would "unduly interfere" with the legitimate activities of the state. *Juidice v. Vail,* 430 U.S. 327, 335-36 (1977). The *Younger* abstention doctrine also applies to requests for declaratory relief in federal courts. *Samuels v. Mackell,* 401 U.S. 66, 72-73 (1971); *Younger*, 401 U.S. at 41, fn. 2. In cases in which a plaintiff is seeking to enjoin ongoing state court proceedings, whether they be criminal, civil, or administrative, federal courts should not exercise jurisdiction, but should instead dismiss the cases in their entirety. *Kish v. Michigan State Bd. of Law Examiners,* 999 F. Supp. 958, 965 (E.D. Mich. 1998)(internal citations omitted).

A federal court should employ three factors to determine whether the *Younger* abstention doctrine should apply:

1. there must be pending or ongoing state judicial proceedings;

2. these proceedings must implicate important state interests; and,

3. there must be an adequate opportunity in the state proceedings to raise constitutional challenges.

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *GTE Mobilnet of Ohio v. Johnson*, 111 F. 3d 469, 481 (6th Cir. 1997).

Applying the above test to plaintiff's complaint, the court determines that it would be appropriate to abstain from issuing injunctive or declaratory relief in plaintiff's case. First,

6

plaintiff's case is currently pending in the state courts. Plaintiff acknowledges that his civil lawsuit is currently pending before Judge Neithercut.

Although Plaintiff's civil action involves only private parties, it is Plaintiff's allegations of judicial bias and his request for an order to disqualify Judge Neithercut from this case that is "the genesis of the constitutional claims made in the present case" and the State of Michigan has a great interest in the resolution of these claims. *See Nilsson v. Ruppert, Bronson, and Chicarelli Co., L.P.A.,* 888 F. 2d 452, 454 (6th Cir. 1987). In the *Nilsson* case, the defendant law firm sued the plaintiff in state court when he refused to honor a bill for fees. During the pendency of the litigation in state court, the plaintiff filed an action in federal court, alleging that the firm and several state judges had conspired to deprive him of his constitutional rights. The district court dismissed the action pursuant to the *Younger* doctrine. In affirming the district court's decision, the Sixth Circuit agreed with the district court that states had a sufficiently important interest in the operation of their judicial systems to satisfy *Younger*, and that an allegation of conspiracy within that system to deprive a plaintiff of his constitutional rights went to the heart of that interest. *Id.* at 454.

The State of Michigan in this case has an important interest in the maintenance of their judicial system, and an allegation of judicial bias within that system goes to the heart of that interest. Accordingly, Plaintiff's request for injunctive and declaratory relief to enjoin Judge Neithercut from presiding over his civil action comes within the ambit of *Younger*.

With respect to the third factor, Plaintiff has an opportunity to address these claims in the state courts. Federal courts must presume that the state courts are able to protect the interests of a federal plaintiff. *See Kelm v. Hyatt,* 44 F. 3d 415, 420 (6th Cir. 1995). As long as the state

provides an opportunity to litigate his constitutional claims, abstention is required, even if a plaintiff fails to avail himself of this opportunity. *Todd v. Home Ins. Co.,* 809 F. Supp. 30, 31-32 (E.D. Mich. 1992).

In this case, Michigan provides an avenue by which plaintiff can seek the disqualification of Judge Neithercut. In cases in which a party seeks to disqualify a judge, M.C.R. 2.003, and an appeal thereafter as provided by Chapter 7 of the Michigan Court Rules, provides an adequate and exclusive remedy. *Czuprynski v. Bay Circuit Judge*, 166 Mich. App. 118, 120, 126, 420 N. W. 2d 141 (1988). In order to preserve for appellate review a judge's disqualification to hear a case, the challenging party must move for disqualification before the challenged judge, and if the motion is denied, seek review of the motion with the chief judge of the circuit. *Welch v. Dist. Ct.,* 215 Mich. App. 253, 258, 545 N. W. 2d 15 (1996); M.C.R. 2.003(C)(3)(a).

In the present case, Plaintiff has filed a motion to disqualify in front of Judge Neithercut. Although he claims that he has sent a copy of this motion to Chief Judge Hayman, it is unclear whether he has filed a separate motion in front of Judge Hayman to have him order that Judge Neithercut be disqualified from hearing this case. Plaintiff would need to file a motion with the chief judge to satisfy the requirements of M.C.R. 2.003. Following an unsuccessful motion in front of Chief Judge Hayman, Plaintiff would be required to appeal the denial of this motion to the Michigan Court of Appeals and Michigan Supreme Court before he could obtain any federal relief.

In light of the fact that plaintiff has an ongoing recusal motion pending in the state courts, important state interests involving the possible recusal of Judge Neithercut are implicated, and that Plaintiff has an adequate opportunity to raise a constitutional challenge to the partiality of

Judge Neithercut in the state courts, this Court will abstain from hearing Plaintiff's request for the disqualification of Judge Neithercut pursuant to *Younger. See Gilbert v. Ferry,* 401 F.3d 411, 419 (6th Cir. 2005).

The Court concludes, for the foregoing reasons, that it must abstain from Plaintiff's current lawsuit. A decision to abstain under the *Younger* doctrine is not a decision on the merits of the claim. *Partington v. Gedan,* 961 F. 2d 852, 860 (9th Cir. 1992). A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance. See *Coles v. Granville*, 448 F. 3d 853, 865 (6th Cir. 2006). In exercising this discretion, a district court should look to the nature of the state proceedings and consider whether a litigant will be able to address his federal claim on the merits in the state court proceeding. *Id.* The court should also consider whether there are any statute of limitations issues should the case be dismissed and the limitations clock continue to run. *Id.*

In this case, the Court will dismiss Plaintiff's action without prejudice rather than hold the case in abeyance, because any claim by Plaintiff that the defendants denied him his constitutional access to the courts would not begin to accrue, for purposes of the limitations period, until Plaintiff's state court action was concluded unfavorably towards him.

## V.  CONCLUSION

**IT IS ORDERED** that plaintiff's complaint under 42 U.S.C. § 1983 is **DISMISSED WITHOUT PREJUDICE.**

                                                                                     S/Denise Page Hood
                                                                                      Denise Page Hood
                                                                                      United States District Judge

Dated: April 18, 2008

    I hereby certify that a copy of the foregoing document was served upon Lorenzo c. Townsend, No. 20112, Lakeland Correctional Facility, 141 First St., Coldwater, MI 49036 counsel of record on April 18, 2008, by electronic and/or ordinary mail.

                                                                                     S/William F. Lewis
                                                                                      Case Manager